UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDNA L. CARUSO, | : | |
| | : | NO. 3:06mc28(MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRIEDA PERLOW, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

In the above-captioned miscellaneous matter, Plaintiff Edna Caruso has sought to transform three favorable judgments of a Florida state court into federal judgments through a statutorily-created procedural short cut known as "registration," which avoids the cumbersome common law process of filing a civil action to enforce the judgment of another court. The procedure Plaintiff invokes for registering the Florida state-court judgments in this Court is set forth in a Connecticut state statute, namely Connecticut's Uniform Enforcement of Foreign Judgments Act, Conn. Gen. Stat. § 52-605. An analogous procedure exists under federal law, *see* 28 U.S.C. § 1963, but by its express terms, § 1963 applies only to registration of federal-court judgments in another federal court.[1]

The problem confronting the Court is that Plaintiff has failed to explain what *federal* authority exists for this *C*ourt to borrow a *state* statutory procedure to allow registration of state-court judgments in *federal court* – something that Congress decidedly did not authorize in § 1963. In response to the Court's request for clarification on this issue, *see* Order to Show Cause [doc. # 8], Plaintiff asserts that the Court's authority to apply state law stems from diversity jurisdiction, *see*

---

[1] In pertinent part, § 1963 provides: "A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . ." 28 U.S.C. § 1963.

Response to Order to Show Cause [doc. # 9] at 2 ("Jurisdiction before this court is proper under 28 U.S.C. § 1332 because of diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs."). However, the Court fails to see, and Plaintiff neither explores nor explains, how it can exercise its diversity jurisdiction *where no civil action has ever been filed*, and, indeed, where the very purpose of invoking the state statute is to take advantage of a "procedural short cut *to avoid the necessity of filing a suit on the judgment*," Response to Order to Show Cause [doc. # 9] at 10 (emphasis added).

It appears to this Court that when a party wishes to take a judgment from one court and enforce it elsewhere, the party has three options: The judgment of a state or federal court may be registered in the courts of a foreign state pursuant to the registering state's codification of the Uniform Enforcement of Foreign Judgments Act. *See, e.g.*, Conn. Gen. Stat. § 52-604. The judgment of a federal court may be registered in another federal court pursuant to 28 U.S.C. § 1963, and enforced according to the laws of the state in which the judgment is registered, pursuant to Federal Rule of Civil Procedure 69. However, Congress' express provision for registration of the judgment of one federal court in another federal court in 28 U.S.C. § 1963 by implication excludes the registration of state-court judgments in federal court under § 1963. Therefore, the holder of a state-court judgment seeking to have it enforced in federal court must fall back upon the traditional, if rather cumbersome, strategy of bringing a civil action on the state-court judgment by invoking, for example, the diversity jurisdiction of the federal court. However, where, as here, a party has not properly filed a civil action on the state-court judgment, a federal court has no authority to borrow Connecticut's registration shortcut for foreign state-court judgments and use that state procedure in place of the federal shortcut provided by Congress – one that is limited to the enforcement of other

federal-court judgments.

Because the Court can perceive no basis for it to apply the Connecticut registration statute, and is aware of no federal law that would authorize it to adopt Plaintiff's Florida state-court judgments as its own without the filing of a civil action on those judgments, the Court concludes that it is without jurisdiction to consider Plaintiff's claims and that the registration of Plaintiff's judgments entered by the Clerk's Office on February 1, 2006 was entered in error and must be vacated.

Accordingly, the Court enters the following orders:

1. The registration of Plaintiff's judgments entered on February1, 2006 [doc. # 1] is VACATED;

2. Plaintiff's Motion to Compel Certification [doc. # 7] is DENIED;

3. Plaintiff's Motion to Preserve Jurisdiction [doc. # 12] is DENIED AS MOOT.

**The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: June 8, 2006**.