UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN OFFICE

_____
EDNA L. CARUSO, P.A., f/k/a            )
CARUSO, BURLINGTON, BOHN &             )
COMPIANI, P.A., a Professional         )
Association,                           )
                                       )
    Judgment Creditor,                )    CIVIL ACTION NO.:
                                       )
vs                                     )    3:06-MC-00028-MRK
                                       )
FRIEDA PERLOW                          )
                                       )    July 7, 2006
    Judgment Debtor.                  )
_____)

**BRIEF IN SUPPORT OF MARSHAL'S FEES**

    This brief is submitted in accordance with this court's order of June 28, 2006. At issue is the $8,788.16 fee Marshal Hubbs collected for executing against Sovereign Bank (*see* return of service docketed as #16).

    Defendant does not contend the net amount of money paid to Plaintiff should be returned because there already were a series of valid outstanding judgments which evidenced Defendant Perlow's *bona fide* debt to Plaintiff. The

-1-

proceeds of the execution were applied to those judgments.

**ARGUMENTS:**

I.   <u>The Marshal is an indispensable party</u>

The Marshal is an indispensable party for the court to determine whether or not the Marshal should be paid.  If he is not a party to this proceeding, the court has no jurisdiction to determine his rights.

II.  <u>The statute is clear on its face mandating the Marshal's 15% statutory fee</u>

Connecticut General Statutes §52-261(a)(6) governs the fees and expenses that are allowed and paid to officers for levy of an execution.  The statute provides that:

> "…The following fees shall be allowed and paid: …(6) for the levy of an execution, when the money is ***actually collected and paid over***, or the debt or a portion of the debt is secured by the officer, fifteen percent on the amount of the execution, provided the minimum fee for such execution shall be thirty dollars…"

There is no doubt the Marshall actually collected the

-2-

funds from Sovereign Bank and paid them over to Plaintiff.

Defendant Perlow did not object to the registration of the judgment when the application was served on her on January 20, 2006.  Defendant Perlow did not object to the February 7, 2006 certificate of service.  Defendant Perlow did not object to Houston Putnam Lowry's February 15, 2006 affidavit showing the efforts to give her actual notice. Defendant Perlow failed to file an appearance so she received no notice when the court issued three bank executions on March 21, 2006.  Defendant Perlow did not object to the March 21, 2006 motion to certify the judgment for registration in other districts.  Defendant Perlow did not respond to this court's April 13, 2006 order.  Defendant Perlow did not respond to Plaintiff's April 25, 2006 brief. Defendant Perlow did not object to validity of the execution when it was served upon her Sovereign Bank on May 5, 2006 (although she did claim an exemption).

Now Defendant Perlow is trying to impeach *ex post facto* an execution that was validly issued by this court and was

valid when it was served.  If the court requires the Marshal's fees to be disgorged after the proceeds of an execution have been distributed, one can only imagine how reluctant Marshals will be to carry out their sworn duty when their compensation is collaterally attacked after the fact.

Defendant Perlow is also contesting the amount of Marshal's fees under other judgments in a related proceeding before Judge Mark Taylor in the Connecticut Superior Court.

### III. The subsequent revocation of the registration did not invalidate the Marshal's claim for fees

When an execution is issued to a Marshal, he is bound to obey.  If a defendant has property subject to levy sufficient to satisfy the execution, the marshal can be deprived of his fee only by his own neglect of duty, *Kitchen v. Woofin,* 14 Fed 693 (1877).  If Marshal executes on a judgment that is later invalidated, he is still entitled to his fee from the money he collected, *Ginatti v. Veras,* 2003

WL 22480165 (2003)(attached).

The logic of that case especially applies here because there is no doubt Defendant Perlow actually owed Plaintiff the money that was seized.

IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's motion should be denied.

```
                                    _____
                                    Houston Putnam Lowry, Esq.
                                    Counsel for Edna L. Caruso, P.A.
                                    Brown & Welsh, P.C.
                                    Meriden Executive Park
                                    530 Preston Avenue
                                    P.O. Box 183
                                    Meriden, CT 06450-0183
                                    (203) 235-1651
                                    FAX: (203) 235-9600
                                    eMail: HPLowry@BrownWelsh.com
                                    Federal Bar # CT05955
```



Not Reported in A.2d                                                                                                                              Page 1

Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of
Hartford.
Larry **GIANATTI** et al.,
v.
Teresita VERAS.
**No. CV020819231S.**

Oct. 8, 2003.

Krasow Garlick & Hadley LLC, Hartford, for Larry **Gianatti** and Franklin Center LLC.
Brown Paindiris & Scott LLP, Glastonbury, for Teresita Veras.
ROBERT B. SHAPIRO, Judge.

**\*1** This matter comes before the court concerning the defendant Terasita Veras' motion to open judgment and for stay of execution (hereinafter, the "motion to open"). The court held an evidentiary hearing concerning the motion on October 7, 2003. After considering the evidence and the parties' arguments, the motion is granted, for the reasons set forth below.

### I. BACKGROUND

In this action, the plaintiffs, Larry **Gianatti** and Franklin Center, LLC, set forth a two-count complaint, dated August 15, 2002.[FN1] In the first count, the plaintiffs allege that the defendant was a tenant at premises owned by them [FN2] and located at 118-136 Franklin Avenue, in Hartford, Connecticut, until she vacated on February 28, 2002. The plaintiffs further allege that on or about May 4, 2002, the defendant, without permission, caused certain individuals, who were acting under her supervision and as her agents, to enter the property for the purpose of removing fixtures. As a result of this wrongful entry, the plaintiffs claim damages.

> FN1. Pursuant to the Connecticut Code of Evidence §§ 2-1 and 2-2, the court takes judicial notice of matters contained in the court's files.
>
> FN2. The plaintiffs allege that **Gianatti** owned the premises at the time of the events alleged and that Franklin Center, LLC became the owner afterwards.

In their second count, the plaintiffs contend that the defendant knew that **Gianatti** was in the process of refurbishing the premises when she requested her agents to remove the fixtures. As a result they claims damages due to the delay in refurbishing which occurred.

The court's file reflects a marshal's return, dated August 27, 2002, which states that she made abode service on the defendant at 605 New Britain Avenue, in Hartford. On September 24, 2002, a default was entered against the defendant for failure to appear (# 101.10). The motion for default contains a certification indicating that a copy of the motion had been mailed to the defendant at the 605 New Britain Avenue address. On December 24, 2002, the plaintiffs claimed the matter for the hearing in damages trial list. The space on the claim form for "name of each party served and address at which service was made" states, "No parties of record."

Thereafter, the case appeared before this court at the hearings in damages trial list. By order dated April 28, 2002, of which notice was sent on May 2, 2003, the court entered judgment for the plaintiffs in the amount of $14,753.01. Since the defendant had not appeared, notice of the court's action would not have been sent to her.

The plaintiffs executed on the judgment on July 8,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                               Page 2
Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

2003, when a marshal made demand on People's Bank. See Court Exhibit 1 (marshal's return concerning execution). The defendant then appeared through counsel and the motion to open, dated July 31, 2003, was filed in court on August 4, 2003.

In the motion to open, the defendant alleges that the first notice she received of this case came when the plaintiffs executed on her bank account. She asserts that she "does not speak English and has a very limited understanding of the judicial process, and little or no ability to read English. Any legal process she may have received (which she does not concede) could not have been understood by her." See motion to open, ¶ 3. In paragraph 4, she states that she has valid defenses to the action. She requests that the judgment be vacated and a stay of execution.

**\*2** In response, the plaintiffs filed an objection to the motion to open, dated August 8, 2003 (# 106). The plaintiffs contend that the judgment should not be opened because the defendant had more than adequate knowledge of the existence and pendency of the action. The plaintiffs cite the marshal's initial return of service and their motion for default.[FN3] In addition, they assert that the defendant is no stranger to the judicial process, citing three previous actions which were commenced against her concerning her prior occupancy of the property. They note also that she is currently the plaintiff in a civil action pending in this court, and a defendant in a criminal action, allegedly stemming from the same allegations which are the subject of this action. See plaintiffs' objection, pp. 1-2.

> FN3. In their objection, page 1, the plaintiffs also refer to a mailing to the defendant of a certification regarding the entry of judgment. This certification does not appear in the court's file, nor is it listed on the court's docket as having been filed.

At the hearing held by the court on the motion to open, the defendant was the only witness. She testified with the assistance of a Spanish-speaking interpreter. Additional references to the facts are set forth below.

## II. STANDARD OF REVIEW

"A motion to open and vacate a judgment is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." *Gillis v. Gillis,* 214 Conn. 336, 340, 572 A.2d 323 (1990).

General Statutes § 52-212(a) [FN4] and Practice Book § 17-43(a) [FN5] provide for the setting aside of a judgment which the court has rendered upon a default or nonsuit. See *Woodruff v. Riley,* 78 Conn.App. 466, 470-471, 827 A.2d 743 (2003). Practice Book § 17-43(a) "is almost identical to the statutory language [of § 52-212]. To obtain relief from a judgment rendered after default a two-pronged test must be satisfied. The aggrieved person must show reasonable cause, or that a good defense existed at the time of the judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense." (Internal quotation marks omitted.) *Id.,* 78 Conn.App. at 470-471.[FN6]

> FN4. General Statutes § 52-212(a) provides: "[a]ny judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                              Page 3
Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

FN5. Section 17-43(a) provides, in relevant part, "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same."

FN6. "Practice Book § 17-43(a) also provides that the 'written motion shall be verified by the oath of the complainant or the complainant's attorney ...' ' (Internal quotation marks omitted .) *Opoku v. Grant* 63 Conn.App. 686, 691, 778 A.2d 981 (2001). General Statutes § 52-212(b) likewise states that the "written motion shall be verified by the oath of the complainant or his attorney ..." "The term ' verification' is defined as '[c]onfirmation of correctness, truth, or authenticity ...' Black's Law Dictionary (6th Ed.1990)." *Opoku v. Grant, supra,* 63 Conn.App. at 693. The court may also find that compliance with this requirement has been waived by the opposing party. *Id.,* at 691-92. The plaintiffs do not contend that the defendant has failed to comply with this requirement. As noted, the defendant testified before the court at the hearing on the motion to open; the plaintiffs then cross-examined her. Under the circumstances, the court deems that compliance with the verification requirement has been waived.

"A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. *Black v. Universal Credit C.I.T. Corp.,* 150 Conn. 188, 194, 187 A.2d 243 (1962). ' Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence.' *Pantlin & Chananie Development Corp. v. Hartford Cement & Building Supply Co.,* 196 Conn. 233, 240-41, 492 A.2d 159 (1985). Negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment." *State v. Ritz Realty Corp.,* 63 Conn.App. 544, 548-49, 776 A.2d 1195 (2001).

"Parties are not justified in neglecting important legal matters merely because of the press or importance of other business and such negligence is ordinarily not excusable." *Triton Associates v. Six New Corp.,* 14 Conn.App. 172, 177, 540 A.2d 95, cert. denied, 208 Conn. 806, 545 A.2d 1104 (1988). "A party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his important business. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent failure to take the proceedings required for his protection." (Internal quotation marks omitted.) *Motes v. Karzian Moving & Storage, Inc.,* 31 Conn.Sup. 540, 542, 329 A.2d 624 (1974).

### III. DISCUSSION

**\*3** The motion to open was filed in a timely manner, less than four months after the entry of judgment. See General Statute § 52-212(a).

At the hearing on the motion to open, the defendant argued that she has two good defenses to the plaintiffs' action: (1) that the allegations of the complaint are untrue; and (2) that the plaintiffs failed to join as defendants necessary parties, the individuals who allegedly removed the fixtures. The plaintiffs do not concede that the defendant has a good defense. In argument, they assert that it is not necessary for them to join these individuals as defendants.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d																																	Page 4

Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Failure to join a necessary party may be raised in a motion to strike as an argument that the complaint is legally insufficient. See Practice Book § 10-39(a)(3). See also *Biro v. Hill,* 214 Conn. 1, 5-7, 570 A.2d 182 (1990). The court, however, need not determine, at this stage, whether or not this is a good defense in this matter. At the hearing, the plaintiffs did not challenge the defendant's denial, nor was it the subject of testimony. Clearly, a general denial, if credited, would constitute a complete defense. For the purposes of the motion to open, whether or not the defendant has at least one good defense to the action has therefore not as yet been challenged. Rather, the issue before the court, as raised by the objection to the motion to open, is whether the defendant was prevented by mistake, accident, or other reasonable cause from appearing to make her defense.

"Fundamental tenets of due process ... require that all persons directly concerned in the result of an adjudication be given reasonable notice and opportunity to present their claims or defenses." *In re Carlos Q.,* 62 Conn.App. 681, 688, 772 A.2d 668 (2001). "The existence of actual or constructive notice is a question of fact properly within the province of the trial court." (Internal quotation marks omitted.) *Handy v. Minwax Co., Inc.,* 46 Conn.App. 54, 57, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997). In making such a finding it is "for the finder of fact to hear [the witnesses'] testimony and observe their demeanor. Credibility of testimony is a matter for the trial court." *Habura v. Kochanowicz,* 40 Conn.App. 590, 594, 672 A.2d 512 (1996).

At the hearing on the motion, the defendant credibly testified, though a Spanish-speaking interpreter, that she cannot read English. Spanish is her first language. She stated that she did not recall receiving the summons and complaint in this matter. She denied that a marshal had served her with these documents. She stated that she learned of the suit for the first time after her checks bounced, which, she was informed, resulted from the execution on her bank account.

On cross-examination, she agreed that her address, 607 New Britain Avenue, is also known as 605 New Britain Avenue. The latter is the address shown on the marshal's return of August 27, 2002 and on the certification in the motion for default. Her home is located in a two-family house; her brother lives upstairs. She agreed that she receives mail there.

***4** Under Connecticut law, proof of mailing raises a presumption of receipt. "[T]hat presumption is rebuttable. The mailing ... raises a presumption that notice was sent and received *in the absence of a finding to the contrary.*" (Emphasis by the Appellate Court; internal quotation marks omitted.) *Tyler E. Lyman, Inc. v. Lodrini,* 63 Conn.App. 739, 747, 780 A.2d 932, cert. denied, 258 Conn. 902, 782 A.2d 137 (2001). Here, the presumption is rebutted by the defendant's testimony to the fact that the number of her address is 607 New Britain Avenue, not 605 New Britain Avenue. Also, as noted below, in a currently pending civil matter in which she is a plaintiff, *Veras v. Aparicio,* Docket No. CV 03-0824814 S, the summons, dated March 26, 2003, lists her address as 607 New Britain Avenue.

It is unclear whether the defendant received the summons and complaint or subsequent documents related to the case. The court finds that, even if service at the right address did occur, the defendant was prevented by reasonable cause, a language barrier, from making her defense. See *Granetos-Marmorese v. Intercontinental Marble and Granite Enteprises, Inc.,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 360749 (October 25, 1991, Wagner, J.) (5 Conn. L. Rptr. 168) (6 CSCR 1038) (motion to set aside judgment granted due to language barrier). There is no evidence before the court tending to show that the defendant understands written English. See *Bochenski v. Bochenski,* Superior Court, judicial district of Windham at Putnam, Docket No. FA 96 0053620 S (November 12, 1998, Kocay, J.) (witnesses testified that defendant understood English).

The court is unpersuaded by the plaintiffs' argument that it should find that the defendant must have understood the pleadings based on the fact that, previously, she was involved in other litigation concerning the property, or that she is a current

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                           Page 5
Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

plaintiff in another matter. The court declines to draw the requested inference.

"In a civil case, proof of a material fact by inference from circumstantial evidence need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence produces in the mind of the trier a reasonable belief in the probability of the existence of the material fact." *Service Road Corp. v. Quinn,* 241 Conn. 630, 641, 698 A.2d 258 (1997) . Here, the evidence does not produce such a reasonable belief in support of the requested inference. To the contrary, the most probable explanation for the defendant's failure to appear in a timely manner was that she did not understand she was being sued to recover money damages.

The court has reviewed the files, cited by the plaintiffs, of the three previous actions in the Superior Court, Housing Session at Hartford. Abode service occurred in only one of the three. Docket No. HDSP-114345 concerned a May 4, 2001 summary process complaint by **Gianatti**. The marshal's return there states that the marshal left the papers with and in the presence of the defendant, at 605 New Britain Avenue. The defendant appeared through counsel. Her motion to dismiss was granted. An entry for July 17, 2001 indicates that a Spanish-speaking interpreter had been scheduled to attend a court proceeding.

**\*5** Docket No. CVH-6713 involved a civil action by **Gianatti** against the defendant, in which he sought money damages, based on a complaint dated June 20, 2001. According to the marshal's return, abode service was made at 605 New Britain Avenue. In response, the defendant engaged counsel, filed an answer, and counterclaimed. The action was withdrawn on March 22, 2002.

In Docket No. HDSP-115648, by complaint dated August 2, 2001, **Gianatti** commenced a summary process action. According to the return, the suit papers were left in the defendant's presence at 122 Farmington Avenue in Hartford. In addition, service was made on the defendant's then-attorney. In response, the defendant again appeared through counsel. In October 2001, the parties filed a stipulation for judgment which was approved by the court (Crawford, J.).

The court notes also that the defendant is a plaintiff in a currently pending case, *Veras v. Aparicio,* Docket No. CV 03-0824814 S. This case apparently does not involve the plaintiffs here and concerns different property. As discussed, in the summons, dated March 26, 2003, the plaintiff lists her address as 607 New Britain Avenue, not 605 New Britain Avenue. In contrast, the court's file in Docket No. CR02-0559827-S, the criminal matter referenced by the plaintiffs, lists her address as 605 New Britain Avenue.

The record of events in the cases which were pending in the Housing Session shows that the defendant engaged counsel to represent her when **Gianatti** sought to evict her or sued for damages. To the court it is likely that, had the defendant understood that she was being sued for money damages in this case, she would have engaged counsel to assist her in making a defense, as she promptly did after learning of the execution on her bank account and as she previously did in connection with the housing session matters. The court is unpersuaded that the fact that she has been, and currently is, a litigant in other cases shows that she understood she was being sued in this case and chose to ignore it or was negligent in failing to respond to it.

Under the circumstances, the defendant has met her burden to show that she "was prevented by mistake, accident or other reasonable cause from ... appearing" to make her defense. See P.B. § 17-43. Accordingly, the motion to open is granted and the judgment is vacated. Since the judgment is vacated, the net amount received from the execution, after subtracting the marshal's and the bank's fees, $2,390.50, is to be returned to the defendant. See Court Exhibit 1 (marshal's return concerning execution).

CONCLUSION

For the foregoing reasons, the motion to open is granted and the previously entered judgment is vacated. The plaintiffs are directed to return to the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                  Page 6
Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

defendant the net proceeds of the execution, $2,390.50. It is so ordered.

Conn.Super.,2003.
Gianatti v. Veras
Not Reported in A.2d, 2003 WL 22480165 (Conn.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing was mailed on this 7th day of July, 2006 to:

Larry H. Lewis, Esq.
Weigand, Mahon & Adelman, P.C.
636 Broad Street
P.O. Box 2420
Meriden, CT 06450

Honorable Mark R. Kravitz
United States District Court
141 Church Street
New Haven, CT 06510

David F. Hubbs – CT State Marshal
P.O. Box 637
Southington, Connecticut 06489

                                                _____
                                                Houston Putnam Lowry

F:\WORK\HPL\LIT\Frieda Perlow Federal marshal's fees brief.doc